UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **Leland Foster, Individually**, | ) |
| Plaintiff, | ) Case No. 1:20-cv-235 |
| v. | ) |
| **MAPLEWOOD PLAZA-AG, LLC,** an Indiana limited liability company, | ) |
| And | ) |
| **MAPLEWOOD PLAZA-AO, LLC,** an Indiana limited liability company, | ) |
| And | ) |
| **MAPLEWOOD PLAZA-JC, LLC,** an Indiana limited liability company, | ) |
| And | ) |
| **MAPLEWOOD PLAZA-VG, LLC,** an Indiana limited liability company, | ) |
| And | ) |
| **MAPLEWOOD PLAZA-WS, LLC,** an Indiana limited liability company, | ) |
| and | ) |
| **BIG LOTS STORES, INC.,** an Ohio corporation for profit | ) |
| Defendants. | ) |

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Plaintiff, Leland Foster, individually, by and through the undersigned counsel, Owen B. Dunn,

Jr., Counsel for Plaintiff, hereby files this Complaint against Defendants **MAPLEWOOD**

**PLAZA-AG, LLC,** an Indiana limited liability company, **MAPLEWOOD PLAZA-AO, LLC,**

1

an Indiana limited liability company, **MAPLEWOOD PLAZA-JC, LLC,** an Indiana limited liability company, **MAPLEWOOD PLAZA-VG, LLC,** an Indiana limited liability company, **MAPLEWOOD PLAZA-WS, LLC,** an Indiana limited liability company, and **BIG LOTS STORES, INC.,** an Ohio corporation for profit, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the named Defendants as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendants' violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Indiana as venue lies in the judicial district of the property *situs*. The Defendants' property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Leland Foster ("Plaintiff") is an Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendants **MAPLEWOOD PLAZA-AG, LLC, MAPLEWOOD PLAZA-AO, LLC, MAPLEWOOD PLAZA-JC, LLC, MAPLEWOOD PLAZA-VG, LLC,** and **MAPLEWOOD PLAZA-WS, LLC** jointly own Maplewood Plaza, which is a shopping center located at 5962 - 6207 Stellhorn Rd. Fort Wayne, IN 46815 in Allen County, in which Defendant **BIG LOTS STORES INC.** is the anchor tenant. Plaintiff has patronized Defendants' shopping center previously as a place of public accommodation.

6. Upon information and belief, the facilities owned or leased by Defendants are non-compliant with the remedial provisions of the ADA. As Defendants owns, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendants are responsible for complying with the obligations of the ADA. Defendants' facilities as a shopping center and place of public accommodation fails to comply with the ADA and its regulations, as also described further herein.

7. Plaintiff is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto. Plaintiff has visited the property that forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services

3

offered to the public at the property.

8. Mr. Foster is an avid adaptive sports enthusiast and participant who also has many friends who compete in adaptive sports all over the Midwest region, including multiple friends in a sled hockey league that annually compete in Fort Wayne. Among many recent visits to the area, Mr. Foster has recently purchased specialized adaptive cycling equipment in Ft Wayne from a custom local specialty retailer, been a spectator at a two day sled hockey tournament in Ft Wayne and was himself a participant at this same tournament in past years.

9. Leland Foster frequents many establishments in the area and has visited and been a customer at Defendants' shopping center and retail store which forms the basis of this lawsuit, most recently on January 17, 2020. Among the retailers and shops at Maplewood Plaza where Mr. Foster has been a customer include Big Lots, Monterrico restaurant and Discount Tobacco. Mr. Foster plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety.

10. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access;

proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

11. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the shopping center and its amenities without fear of discrimination.

12. The Defendants have discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

13. The Defendants have discriminated and is continuing to discriminate, against the Plaintiff

in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

14. A preliminary inspection of the Maplewood Plaza shopping center, including its facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

<u>Accessible Routes and Parking</u>

A. The shopping plaza lacks the required number of designated accessible parking spaces and they are not dispersed throughout the retail entrances, in violation of the ADA whose remedy is readily achievable.

B. Some designated accessible parking spaces lack access aisles, in violation of the ADA whose remedy is readily achievable.

C. Some designated accessible parking access aisles do not lead to an accessible route due to curbs and non-compliant curb ramps, in violation of the ADA whose remedy is readily achievable.

D. There are no designated van accessible parking spaces, in violation of the ADA whose remedy is readily achievable.

E. Some designated accessible parking is not located at the shortest accessible route to the retail entrances, in violation of the ADA whose remedy is readily achievable.

F. There are cracks and changes in level along the accessible routes leading to retail entrances, in violation of the ADA whose remedy is readily achievable.

G. Many retail entrances have thresholds in excess of ½ inch, in violation of the ADA whose remedy is readily achievable.

H. There is no accessible route from the designated accessible parking to the retail entrances due to non-compliant and dangerous curb ramps, in violation of the ADA whose remedy is readily achievable.

I. Accessible features throughout the shopping center have not been maintained as required by 28 CFR 36.211(a) including parking and routes containing faded paint and surface damage and wear, in violation of the ADA whose remedy is readily achievable.

Big Lots

    J. The water fountain does not have required clear floor space for a forward approach due to the presence of a bench, in violation of the ADA whose remedy is readily achievable.

    K. There is no rear grab bar around the water closet in the men's restroom accessible toilet compartment, in violation of the ADA whose remedy is readily achievable.

    L. The coat hook in the men's restroom toilet compartment is located above allowable reach range, in violation of the ADA whose remedy is readily achievable.

    M. The men's restroom toilet compartment door is not self-closing and does not have door pulls on both sides, in violation of the ADA whose remedy is readily achievable.

    N. The men's restroom toilet compartment does not have required clear floor space around the water closet, in violation of the ADA whose remedy is readily achievable.

    O. The men's restroom water closet seat height is below the required height range, in violation of the ADA whose remedy is readily achievable.

    P. The men's restroom toilet has flush control not located on the open side of the unit, in violation of the ADA whose remedy is readily achievable.

    Q. The toilet paper dispenser in the men's restroom designated accessible toilet compartment is not mounted in the required location, in violation of the ADA whose remedy is readily achievable.

    R. There are amenities in the men's restroom, including toilet seat covers, mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

    S. Upon information and belief, the women's restroom contains similar barriers to accessibility.

Policies and Procedures

    T. The Defendants lack or have inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

15. The discriminatory violations described in Paragraph 14 by Defendants are not an exclusive list of the Defendants' ADA violations. Plaintiff requires further inspection of

7

the Defendants' place of public accommodation and facilities in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff has been denied access to Defendants' accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendants, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation, facilities and operations in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

16. Plaintiff restates the allegations of ¶¶1-15 as if fully rewritten here.

17. The shopping center and retailers at issue, as owned and operated by Defendants, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

18. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendants' failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq*. Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and

8

usable by persons with disabilities, including Plaintiff. As well as implement policy and procedures for the benefit of its patrons with disabilities.

19. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, unlawful and lack of necessary policies and procedures, and ADA violations that exist at the Facility, including those set forth herein.

20. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendants to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF INDIANA CIVIL RIGHTS LAW
### In. Code §22-9-1 et seq.

21. Plaintiff restates the allegations of ¶¶1-20 as if fully rewritten here.

22. Defendants own or operate a "place[s] of public accommodation" pursuant to In. Code §22-9-1-3(m).

23. Defendants committed an unlawful act pursuant to In. Code §22-9-1-2(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, the Defendants' shopping center does not have safe and accessible routes to reach the retail storefronts or compliant and accessible designated accessible parking spaces. Big Lots retail store entirely lacks accessible restrooms for customers who use wheelchairs for mobility. This has caused a danger to the Plaintiff and to others.

24. Pursuant to In. Code §22-9-1-6, Plaintiff is entitled to compensatory and punitive damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendants to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq.*, OH Bar no. 0074743
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net
*admitted to N. District of Indiana